FILED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD.<br>3635 Concorde Parkway, Suite 200<br>Chantilly, Virginia 20151<br><br>Plaintiff,<br><br>vs.<br><br>NAME INTELLIGENCE, INC.,<br>12806 22nd SE PL<br>Bellevue, Washington 98005<br><br>JAY WESTERDAL, and<br>12806 22d SE PL<br>Bellevue, Washington 98005<br><br>DOMAIN HOSTMASTER<br>12806 22d SE PL<br>Bellevue, Washington 98005<br><br>Defendants. | Civil Action No. 1:07cv821 TSE-TCB<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff American Registry For Internet Numbers Ltd. ("Plaintiff"), by and through its undersigned counsel and for its Complaint against Defendants Name Intelligence, Inc., Jay Westerdal, and Domain Hostmaster (collectively, "Defendants"), alleges as follows:

### THE PARTIES

1. Plaintiff ARIN is a non-profit corporation organized and existing under the laws of Virginia, with its primary place of business at 3635 Concorde Parkway, Suite 200, Chantilly, Virginia 20151. Plaintiff allocates Internet Protocol resources and performs other services related to the operation and advancement of the Internet.

2. On information and belief, Defendant Name Intelligence, Inc. is a corporation organized and existing under the laws of the State of Washington with a place of business at 12806 22nd SE PL, Bellevue, Washington 98005. On information and belief, Name Intelligence controls the registration of the domain name ARIN.COM.

3. On information and belief, Defendant Jay Westerdal is a citizen of the State of Washington, with an address of 12806 22d SE PL, Bellevue, Washington 98005. Defendant Westerdal was the registrant of ARIN.COM up until he changed the record to conceal his identity and to reflect "Domain Hostmaster" as the registrant. Upon information and belief, Defendant Westerdal is the "Domain Hostmaster." Defendant Westerdal is also the President and Chief Executive Officer of Name Intelligence. Defendant Westerdal directs, controls, supervises and participates in the unlawful conduct that forms the basis for this Complaint,

4. Defendant "Domain Hostmaster" is listed as the registrant of the domain name ARIN.COM. Domain Hostmaster's address is listed as 12806 22nd SE PL, Bellevue, Washington 98005.

## NATURE OF THE ACTION

5. This is an action for trademark infringement and trademark counterfeiting under the Lanham Act (15 U.S.C. § 1114), trademark dilution under the Lanham Act (15 U.S.C. § 1125(c)); trademark infringement, unfair competition, false designation of origin and passing off under the Lanham Act (15 U.S.C. § 1125(a)), cybersquatting under the Lanham Act (15 U.S.C. § 1125(d)) and trademark infringement, false advertising, unfair competition and unfair business practices in violation of the statutes and common laws of the Commonwealth of Virginia, all arising out of Defendants' willful misappropriation and unauthorized use of Plaintiff's federally

registered trademark ARIN and Defendants' trafficking in, registration and use of the domain name ARIN.COM.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any action of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Defendants are subject to personal jurisdiction in this Court pursuant to Va. Code Ann. §8.01-328.1(A)(1) & (4), because Defendants have (1) transacted business in this jurisdiction and (2) caused tortious injury in the Commonwealth of Virginia by acts outside the Commonwealth of Virginia, and regularly do and solicit business and engage any other persistent courses of conduct in the Commonwealth of Virginia. Venue is proper in this district under 28 U.S.C. § 1391.

8. This Court has personal jurisdiction over Defendants and venue is proper in this district because, *inter alia*, on information and belief: (a) Each Defendant conducts business in this district; (b) Defendants' acts giving rise to the claims set forth herein occurred in this district; (c) Defendants' acts giving rise to the claims set forth herein caused tortious injury in this district; and (d) witnesses and records, including third-party witnesses, are located in this district.

## FACTS ENTITLING PLAINTIFF TO RELIEF

### Plaintiff And Its Vital Role In The Internet

9.      The Internet Corporation for Assigned Names and Numbers ("ICANN") is the global supervisor of the allocation of domain names and Internet Protocol ("IP") numbers. ICANN operates under the auspices of the Department of Commerce. ICANN is responsible for the management of the Internet Domain Name System ("DNS"). In this governing capacity, ICANN recognized Plaintiff as the sole Regional Internet Registry ("RIR") for the North American region. As such, Plaintiff has taken over a function previously performed by the U.S. government and ICANN. Plaintiff is one of only five RIRs globally recognized.

10.     Every device that is linked to the Internet needs an IP number. This number serves as the device's Internet "address" so that Internet communications can be routed to and from the device. For example, the IP number 72.21.210.11 is the Internet address for the website of Amazon.com. The domain name, Amazon.com, is simply the more memorable way to locate that website.

11.     Plaintiff oversees the allocation and registration of all IP numbers in its region. Plaintiff also maintains a database of the allocation of all IP numbers in its region. Since 1997, Plaintiff has served in this capacity. Plaintiff also develops policies based upon consensus of the global Internet-governing community and facilitates the advancement of the Internet through information and education and offers related services under its mark ARIN.

12.     ARIN's services are advertised, offered and sold on the web site located at ARIN.NET.

13.     ARIN only allocates IP numbers to entities that meet certain requirements. IP numbers are allocated pursuant to a contract between ARIN and the recipient.

14. ICANN authorizes certain other entities, called Registrars, to grant registrations to domain names in certain top level domains ("TLDs") (e.g., .com, .net, .org, etc.).

15. On April 16, 2001, ICANN, issued a list of "reserved" domain names (including "ARIN") that a registrar may not register in conjunction with any TLD without ICANN's express written authorization. Thus, as of April 16, 2001, a registrar was not supposed to allow the registration of "ARIN" in any TLD without ICANN's express written authorization.

16. Plaintiff owns two U.S. registrations for its service mark ARIN, including U.S. Registration No. 3,047,439 and U.S. Registration No. 3,043,320 both for "managing Internet numbering resources, namely, managing Internet Protocol number ranges for which Internet service providers and end users use to configure and maintain their networks; database maintenance; and maintaining a routing registry where network operations can submit, maintain, and retrieve router configuration information." Both registrations are valid.

17. Plaintiff also owns extensive common law rights in its mark ARIN through its many years of continuous and prominent use of the mark in connection with services related to the Internet.

18. Long before the unlawful conduct by Defendants alleged below, Plaintiff's mark ARIN had become well known to members of the Internet community and to the general public and had become famous because of its critical and prominent role in the management of the Internet.

### Defendants' Infringing Activities

19. On information and belief, Defendant Name Intelligence is an ICANN-accredited registrar.

- 5 -

20. On information and belief, Defendant Name Intelligence has a contract with a Virginia company, Verisign, Inc., to provide registrar services.

21. Defendant Name Intelligence is a member of Plaintiff and receives IP resources from Plaintiff pursuant to a service contract with Plaintiff.

22. On information and belief, Defendants Westerdal, through his company Defendant Name Intelligence or through other unknown persons, purchased, renewed, trafficked in, registered or otherwise obtained a registration for the domain name ARIN.COM despite ICANN's clear intention that third parties may not reserve domain names consisting of "ARIN."

23. Neither Plaintiff nor ICANN authorized Defendants to obtain the domain name registration for ARIN.COM. Defendant Westerdal obtained this domain name registration on or about October 29, 2004.

24. Defendants were aware of Plaintiff and Plaintiff's ownership of the ARIN mark prior to registering the domain name ARIN.COM and using the mark ARIN for their internet-related services.

25. Defendants trafficked in, registered or otherwise obtained the domain name ARIN.COM with the bad faith intent to trade off of the fame of Plaintiff's ARIN mark.

26. On information and belief, Defendant Westerdal is a frequent commentator on issues related to the Internet and domain names. Defendant Westerdal also participates, and on information and belief, helps organize (through his company Name Intelligence), forums for members of the Internet community, such as the Domain Roundtable Conference.

27. On information and belief, Defendant Westerdal is the secretary of the ICANN Registrars Constituency, a group intimately involved in Internet governance.

28.  On information and belief, Defendant Westerdal changed the ARIN.COM domain name registration record so that the record no longer listed him, individually, as the owner of the domain. "Domain Hostmaster," with an email address of "hostmaster@ascern.com" is currently shown as the Registrar of the domain name ARIN.COM.

29.  On information and belief, "Domain Hostmaster" is an alias for Defendant Westerdal. The changed record still lists Defendant Westerdal's and Defendant Name Intelligence's address as the contact for all administrative and technical inquiries, just as it did when Defendant Westerdal was listed individually as the registrant of the domain name ARIN.COM.

30.  On or about November 3, 2004, Defendants renewed the registration for the domain name ARIN.com for a 1,000 year term, expiring in September 3005.

31.  On information and belief, on December 26, 2005, Defendants began using the web site located at ARIN.com for the following message: "We suggest "whois" to uptain [sic] information on IP addresses around the world." On information and belief, the word "whois" was linked to www.whois.sc, the precursor of a website currently operated by Defendants for their Domain Tools product at www.domaintools.com.

32.  On February 12, 2007, counsel for ARIN left a voicemail message for Defendant Westerdal requesting the transfer of the ARIN.COM domain name to ARIN. The request was followed up with a written request, sent via electronic mail on the same day. Defendant Name Intelligence responded and declined to transfer the domain name ARIN.COM.

33.  Shortly thereafter, on information and belief, Defendants' web page at ARIN.COM commenced offering WHOIS lookup services (the "Home Page"). Defendants' web page at ARIN.COM now offers services under the mark ARIN.

34. Defendants' web site ARIN.COM is accessible and has been accessed by residents of Virginia. On information and belief, residents of Virginia have purchased Defendants' services through Defendants' web site at ARIN.COM. On information and belief, Defendants have communicated with and entered into contracts with residents in Virginia regarding the sale of services through the domain name ARIN.COM. On information and belief, Defendants have entered into contracts with companies located in Virginia relating to Defendants' business under the domain name ARIN.COM.

35. A visitor to Defendants' ARIN.COM web site who is familiar with Plaintiff's famous mark ARIN will be confused into believing that the services offered on Defendants' web site are offered or sponsored by or affiliated with Plaintiff. The likelihood of confusion is heightened by Defendants' intentional use of words that describe the services ARIN provides – "providing IP addresses to *facilitate* Internet networking." Defendants are using Plaintiff's ARIN mark on Defendants' web site at ARIN.COM to confuse visitors about the source, sponsorship of affiliation of Defendants' services and to profit from that confusion and mistake.

36. Defendants' ARIN.COM Home Page states it is "Powered by Domain Tools," which is a product provided by Defendant Name Intelligence. A visitor who uses the tool at Defendants' ARIN.COM web site is redirected to the Defendants' Domain Tools website www.domaintools.com.

37. Defendants' Domain Tools website represents that Defendant Name Intelligence is the parent company of Domain Tools.

38. A re-directed visitor lands at a webpage that offers a service called "Reverse IP." This tool allows the user to enter an IP number and learn all the domain names that are hosted at that location.

39. ARIN offers a similar service on its own website at ARIN.NET.

40. Defendants' trafficking, registration and use of the domain name ARIN.COM, which consists of ARIN's federally registered service mark followed by a TLD, and use of the mark ARIN, is not authorized by ARIN.

41. Defendants are using ARIN's famous trademark in the domain name ARIN.COM and on Defendants' web site in an effort to divert web users seeking ARIN's services to Defendants' own website for commercial gain.

42. On information and belief, Defendants' actions are likely to cause and are causing confusion among Internet users regarding the source, sponsorship or affiliation of Defendants' services and leading consumers to believe – erroneously – that ARIN stands behind Defendants' services available on the web site at ARIN.COM.

43. On information and belief, some web users searching for ARIN mistakenly visit the web site at ARIN.COM because they think the domain name is controlled by ARIN and leads to a website offered by ARIN.

44. On information and belief, Defendants' actions are diluting the distinctiveness of the famous ARIN mark and are tarnishing the mark.

45. Defendants are exploiting the goodwill and fame of ARIN's mark in order to maximize, and to profit from, consumer confusion as to the source, sponsorship, affiliation, connection or endorsement of Defendants' services.

## COUNT I

### Federal Trademark Infringement And Counterfeiting Under the Lanham Act

### 15 U.S.C. § 1114

46. Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-46 of the Complaint as though fully set forth herein.

47. Plaintiff owns two federally registered trademarks for ARIN, U.S. Registration No. 3,047,439 and U.S. Registration No. 3,043,320. Those registrations are valid and subsisting.

48. Despite being aware of Plaintiff's rights in its famous ARIN mark, Defendants have used Plaintiff's mark ARIN in the domain name ARIN.COM and on Defendants' web site at ARIN.COM to offer internet-related services.

49. Defendants' use of the mark ARIN constitutes the knowing use of a "counterfeit mark," because Defendants' mark ARIN is substantially identical to Plaintiff's federally registered ARIN mark depicted in Registration No. 3,047,439 and Defendants use Plaintiff's ARIN mark for some of the identical services identified in ARIN's federal registration No. 3,047,439.

50. Defendants' conduct, as described herein, is likely to cause confusion, mistake and deception, and Defendants thereby infringe Plaintiff's registered service mark ARIN in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants' conduct also constitutes trademark counterfeiting in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Defendants' conduct, as described above, is a willful attempt to trade on the goodwill and reputation of Plaintiff's registered service mark ARIN.

52. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

53. Injury to Plaintiff is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

54. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from the aforesaid violations of the Lanham Act, and to an award of damages and an accounting of Defendants' profits, including an amount not less than three times Defendants' profits, three times Plaintiff's damages, statutory damages in an amount of $1,000,0000 per counterfeit mark used by Defendants, Plaintiff's reasonable costs and attorney's fees, and such other and further relief as the Court may deem just.

## COUNT II

### Federal Trademark Dilution Under the Lanham Act

### 15 U.S.C. § 1125(c)

55. Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-55 of the Complaint as though fully set forth herein.

56. Plaintiff's ARIN mark is famous, including among Virginians, and was famous long before Defendants commenced the unlawful conduct described herein.

57. Defendants' conduct, as described herein, constitutes dilution by tarnishment and dilution by blurring of Plaintiff's famous mark ARIN, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. Defendant's conduct, as described herein, is a willful attempt to dilute and tarnish the distinctive quality of Plaintiff's famous mark ARIN and to trade on the goodwill and reputation of the trademark ARIN.

59. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

60. Injury to Plaintiff is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

61. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from the aforesaid violations of the Lanham Act, and to an award of damages and an accounting of Defendants' profits, including an amount not less than three times Defendants' profits, three times Plaintiff's damages, Plaintiff's reasonable costs and attorney's fees, and such other and further relief as the Court may deem just.

## COUNT III

### Federal Trademark Infringement, Unfair Competition, False Designation of Origin And Passing Off Under the Lanham Act

### 15 U.S.C. § 1125(c)

62. Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-62 of the Complaint as though fully set forth herein.

63. Defendants' conduct, as described above, constitutes trademark infringement, unfair competition, false designation of origin, and passing off because it is likely to cause confusion, mistake or deception, including, without limitation, among Virginians and in interstate commerce, as to the affiliation, connection and association between Defendants, on the one hand, and Plaintiff and its service mark ARIN, on the other hand, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Defendants' conduct, as described above, constitutes trademark infringement, unfair competition, false designation of origin and passing off because it is likely to cause confusion, mistake or deception as to whether Defendants' services originate from or are sponsored, endorsed or approved by Plaintiff, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

66. Injury to Plaintiff is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

67. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from the aforesaid violations of the Lanham Act, and to an award of damages and an accounting of Defendants' profits, including an amount not less than three times Defendants' profits, three times Plaintiff's damages, Plaintiff's reasonable costs and attorney's fees, and such other and further relief as the Court may deem just.

## COUNT IV

### Cybersquatting Under the Lanham Act

### 15 U.S.C. § 1125(d)

68. ARIN incorporates by reference the statements and allegations contained in paragraphs 1-68 of the Complaint as though fully set forth herein.

69. Defendants have trafficked in, registered and are using ARIN.COM, a domain name that is identical to Plaintiff's famous ARIN mark.

70. Plaintiff's ARIN mark was distinctive and famous at the time Defendants registered or otherwise obtained control of the domain name ARIN.COM.

71. Defendants have a bad faith intent to profit from the ARIN mark and had such intent at the time they registered or otherwise obtained control of the domain name ARIN.COM.

72. Defendants are using the domain name ARIN.COM to divert traffic from Plaintiff's website to Defendants' own website for commercial gain by causing confusion about the source, sponsorship or affiliation of Defendants' website.

73. As a direct and proximate result of Defendants' wrongful conduct, Defendants have caused Plaintiff irreparable harm and injury.

74. Injury to Plaintiff is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

75. By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from the aforesaid violations of the Lanham Act, and to an award of damages and an accounting of Defendants' profits, including an amount not less than three times Defendants' profits and three times Plaintiff's damages, or statutory damages, as well as Plaintiff's reasonable costs and attorney's fees, and such other and further relief as the Court may deem just.

## COUNT V

### Trademark Infringement, False Advertising, Unfair Competition and Unfair Business Practices in Violation of Virginia Law

76. Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-76 of the Complaint as though fully set forth herein.

77.  Defendants' conduct, described above, constitutes trademark infringement, false advertising, unfair competition and unfair business practices in violation of the statutes and common laws of the Commonwealth of Virginia, including Va. Code Ann. §§59.1-196 *et seq.* and Va. Code Ann. § 18.2-216.

78.  As a direct and proximate result of Defendants' wrongful and willful conduct, Defendants have caused Plaintiff irreparable harm and injury.

79.  Injury to Plaintiff is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

80.  By reason of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from the aforesaid violations of the statutes and common law of the Commonwealth of Virginia, and to an award of damages, any enhanced damages available as a result the willful nature of Defendants' actions, Plaintiff's attorney's fees, and such other and further relief as the Court may deem just.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

(1)  A preliminary and permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries, heirs and assigns, and all those in active concert or participation with any of them from the following acts, including using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever:

(a) the name or service mark ARIN or any other name or mark which colorably imitates or is confusingly similar to said service mark, whether alone, in combination with any other term(s) and/or design(s), or as part of a domain name;

(b) any other false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendants or their services are related or connected in any way to ARIN, ARIN's services or goods, or the service mark ARIN; and

(c) any name or mark that is likely to injure the business reputation of Plaintiff or to cause dilution of the distinctive quality of Plaintiff's service mark ARIN, whether alone, in combination with any other term(s) and/or design(s), or as part of a domain name;

(2) An Order requiring Defendants to transfer to Plaintiff the domain name ARIN.COM and any other domain names registered to or under the control of any of them that contain "arin";

(3) An Order requiring Defendants to deliver up for destruction all publications, advertisements, promotional materials, goods, letterhead, labeling, packaging and the like in the possession or custody or under the control of any of the Defendants that infringe, dilute or unfairly compete with the service mark ARIN;

(4) An Order requiring Defendants to file with the Court and serve upon ARIN, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

(5) Final judgment declaring Plaintiff to be the lawful owner of the trademark ARIN and finding that Plaintiff's trademark ARIN is famous and has been infringed, diluted and unfairly competed with by Defendants in violation of federal and state law;

(6) A declaration that Defendants' acts of infringement, dilution, unfair competition and cybersquatting were knowing, willful and "exceptional" within the meaning of 15 U.S.C. § 1117;

(7) An Order awarding to Plaintiff actual damages and an accounting of Defendants' profits, including any statutory enhancements, or enhancements on account of the willful nature of Defendants' acts, or in the alternative with respect to Count IV, the maximum statutory damages available under 15 U.S.C. § 1117(d);

(8) An Order awarding to Plaintiff prejudgment and postjudgment interest;

(9) An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorneys' fees;

(10) An Order for corrective advertising in a form, manner and frequency that is acceptable to Plaintiff;

(11) An Order requiring that Defendants offer refunds to their customers who purchased Defendants' services on the mistaken belief that they were dealing with Plaintiff or an entity associated with Plaintiff; and

(12) All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

**WHEREFORE,**

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury of all issues and claims in this action so triable.

Respectfully submitted,

Dated: August 16, 2007

*Karla L. Palmer*
Karla L. Palmer
Va. Bar No. 34267
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8142
(202) 756-8087
kpalmer@mwe.com

**Counsel for Plaintiff American Registry For Internet Numbers Ltd.**

**Of Counsel:**

Stephen M. Ryan
Melise R. Blakeslee
John J. Dabney
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000
(202) 756-8087

WDC99 1438044-1.077793.0014

- 18 -